**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| TAMMY WARD, on behalf of herself and all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:25cv206 |
| | ) |
| CALLAHAN LEARNING CENTER LLC, | ) |
| | ) |
| Defendant. | ) |

**ANSWER**

Defendant, Callahan Learning Center LLC ("**CLC**" or "**Defendant**"), by counsel, for its Answer to the Complaint filed by Tammy Ward, on behalf of herself and all others similarly situated ("**Ward**") (ECF No. 1), states as follows:

**I.      Summary of Action**

1.      CLC admits that Ward purports to bring an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("**FLSA**") and the Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2 ("**VOWA**").  CLC denies that Ward, or any other person, is entitled to the relief she seeks.

2.      CLC admits that Ward purports to bring this action as a collective action under 29 U.S.C. § 216(b) and as a class action under Federal Rule of Civil Procedure 23.  CLC denies that Ward, or any other person, is entitled to money damages for unpaid overtime.  CLC further denies all allegations that are inconsistent with 29 U.S.C. § 216(b) and/or Federal Rule of Civil Procedure 23.

3.      CLC denies the allegations set forth in paragraph 3 of the Complaint, including the allegations set forth in subparagraph 3(a).

4.  CLC denies the allegations set forth in paragraph 4 of the Complaint.

5.  CLC denies the allegations set forth in paragraph 5 of the Complaint.

6.  Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, CLC denies that non-exempt employees of CLC were paid non-discretionary bonuses, commissions, or similar forms of production-based incentive compensation.

7.  CLC admits that Ward seeks certain relief allowed by law arising out of alleged FLSA violations. CLC denies that it has violated the FLSA. CLC further denies that Ward, or any other person, is entitled to the relief she seeks.

8.  Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with applicable law.

9.  CLC admits that Ward seeks certain relief allowed by law arising out of alleged VOWA violations. CLC denies that it has violated the VOWA. CLC further denies that Ward, or any other person, is entitled to the relief she seeks.

10. Paragraph 10 of the Complaint is reservation of rights language to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with applicable law.

## II.    **Jurisdiction and Venue**

11. Paragraph 11 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with 29 U.S.C. § 216(b).

12.    Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with 28 U.S.C. § 1367.

13.    Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC admits that its principal office is located in this division in the Eastern District of Virginia.  CLC denies that it issued "violative pay."

14.    Paragraph 14 of the Complaint sets forth a legal conclusion to which no response is required.

### III.    Parties

15.    CLC admits the allegations set forth in the first sentence of paragraph 15 of the Complaint, except that CLC's records indicate that Ward's last day of work was December 19, 2024.  The second sentence of paragraph 15 sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with the FLSA and VOWA.

16.    CLC admits the allegations set forth in the first sentence of paragraph 16 of the Complaint.  The second sentence of paragraph 16 sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with the FLSA and VOWA.

17.    CLC admits the allegations set forth in the first sentence of paragraph 17 of the Complaint.  The second sentence of paragraph 17 sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with applicable law.

18.    CLC admits that it operates day care centers in Fredericksburg and Locust Grove. CLC denies all remaining allegations set forth in paragraph 18 of the Complaint.

19.    CLC admits the allegations set forth in paragraph 19 of the Complaint.

20.    CLC admits that during the Relevant Period it has had numerous non-exempt staff. CLC denies the remaining allegations set forth in paragraph 20 of the Complaint.

21.    CLC denies the allegations set forth in paragraph 21 of the Complaint.

22.    CLC admits the allegations set forth in the first sentence of paragraph 22 of the Complaint.  CLC lacks information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 22, and therefore, denies the same.

23.    CLC denies the allegations set forth in paragraph 23 of the Complaint.

**A.  The Overtime Rate Policy**

24.    CLC admits that employee bonuses were not included in calculating overtime rates paid to Ward and other similarly situated employees.  CLC denies that such bonuses were non-discretionary.  CLC denies all remaining allegations contained in paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint references documents that speak for themselves. CLC denies all allegations that are inconsistent with the referenced documents.  CLC admits that employee bonuses were not included in calculating overtime rates paid to Ward.  CLC denies that such bonuses were non-discretionary.  CLC denies all remaining allegations contained in paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint references documents that speak for themselves. CLC denies all allegations that are inconsistent with the referenced documents.  CLC admits that employee bonuses were not included in calculating overtime rates paid to Ward.  CLC denies that

such bonuses were non-discretionary. CLC denies all remaining allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint references documents that speak for themselves. CLC denies all allegations that are inconsistent with the referenced documents. CLC admits that employee bonuses were not included in calculating overtime rates paid to Ward. CLC denies that such bonuses were non-discretionary. CLC denies all remaining allegations contained in paragraph 27 of the Complaint.

28. CLC admits that Ward and similarly situated employees received overtime compensation at rates that did not include bonuses. CLC denies that these bonuses were required to be included in calculating Ward's overtime rate of pay.

**B. Additional Allegations**

29. CLC denies the allegations set forth in paragraph 29 of the Complaint.

30. CLC denies the allegations set forth in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with the FLSA and the VOWA.

32. CLC denies the allegations set forth in paragraph 32 of the Complaint.

33. CLC denies the allegations set forth in paragraph 33 of the Complaint.

34. CLC denies the allegations set forth in paragraph 34 of the Complaint.

35. CLC denies the allegations set forth in paragraph 35 of the Complaint.

36. CLC denies the allegations set forth in paragraph 36 of the Complaint.

## IV.    FLSA Collective Action Allegations

37.    CLC admits that Ward purports to bring a collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff on behalf of herself and the FLSA Collective.  CLC denies that Ward, or any other person, is entitled to the relief she seeks.

38.    CLC denies the allegations set forth in paragraph 38 of the Complaint.

39.    CLC denies the allegations set forth in paragraph 39 of the Complaint.

40.    CLC denies the allegations set forth in paragraph 40 of the Complaint.

41.    CLC denies the allegations set forth in paragraph 41 of the Complaint.

42.    CLC admits the allegations set forth in paragraph 42 of the Complaint.

43.    CLC denies the allegations set forth in paragraph 43 of the Complaint.

44.    CLC denies the allegations set forth in paragraph 44 of the Complaint.

45.    CLC denies the allegations set forth in paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with the FLSA.

47.    Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with the FLSA.

48.    CLC denies the allegations set forth in paragraph 48 of the Complaint.

49.    Paragraph 49 of the Complaint references the Written Consent to Become Party to Collective Action, to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with applicable law.

## V.    Virginia Class Action Allegations

50.    CLC admits that Ward purports to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virginia Class.  CLC denies that Ward, or any other person, is entitled to the relief she seeks.

51.    Paragraph 51 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

52.    Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

53.    Paragraph 53 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

54.    Paragraph 54 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

55.    Paragraph 55 (including subparagraphs (a) through (d)) of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

56.    Paragraph 56 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

57. Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

58. Paragraph 58 of the Complaint references Ward's intent to send notices, to which a response is not required. To the extent a response is required, CLC denies all allegations that are inconsistent with Rule 23 of the Federal Rules of Civil Procedure.

59. Paragraph 59 of the Complaint is reservation of rights language to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with applicable law.

60. CLC denies the allegations set forth in paragraph 60 of the Complaint.

61. CLC denies the allegations set forth in paragraph 61 of the Complaint.

62. CLC admits that its pay operations are centrally managed. CLC lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 62, and therefore, denies the same.

63. CLC denies the allegations set forth in paragraph 63 of the Complaint.

64. CLC denies the allegations set forth in paragraph 64 of the Complaint.

65. CLC denies the allegations set forth in paragraph 65 of the Complaint.

### VI.    Claims

**COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT**
**(Overtime Rate Violations)**
**(On Behalf of Plaintiff and FLSA Collective)**

66. CLC realleges its answers to the preceding paragraphs.

67.     Paragraph 67 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with 29 U.S.C. §§ 203(d) and (e).

68.     Paragraph 68 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with 29 U.S.C. § 207.

69.     Paragraph 69 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with 29 U.S.C. § 207(e).

70.     CLC denies the allegations set forth in paragraph 70 of the Complaint.

71.     CLC denies the allegations set forth in paragraph 71 of the Complaint.

72.     CLC denies that Ward, or anyone else, is entitled to the damages sought in paragraph 72 of the Complaint.

## COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
### (Overtime Rate Violations)
### (On Behalf of Plaintiff and Virginia Class)

73.     CLC realleges its answers to the preceding paragraphs.

74.     CLC admits that Ward purports to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, or as a collective action, on behalf of herself and the Virginia Class.  CLC denies that Ward, or any other person, is entitled to the relief she seeks.

75.     Paragraph 75 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, CLC denies all allegations that are inconsistent with the VOWA.

9

76.     Paragraph 76 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with the VOWA.

77.     Paragraph 77 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with the VOWA.

78.     Paragraph 78 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with the VOWA.

79.     Paragraph 79 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, CLC denies all allegations that are inconsistent with the VOWA.

80.     CLC denies the allegations set forth in paragraph 80 of the Complaint.

81.     CLC denies the allegations set forth in paragraph 81 of the Complaint.

82.     CLC denies that Ward, or anyone else, is entitled to the damages sought in paragraph 82 of the Complaint.

83.     CLC denies that Ward, or anyone else, is entitled to the FLSA Collective and Individual Relief Requested on page 16 of the Complaint (including subparagraphs A through J).

84.     CLC denies that Ward, or anyone else, is entitled to the Virginia Class and Individual Relief Requested on pages 17-18 of the Complaint (including subparagraphs A through N).

85.     CLC denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

CLC sets forth the following Affirmative Defenses to the Complaint:

1.      Ward's claims and the claims of any putative collective/class members are barred to the extent that the Complaint fails to state a claim for which relief can be granted.

2.      Ward's claims and the claims of any putative collective/class members are barred to the extent that Ward has failed to plead a prima facie case arising under the FLSA and/or state wage and hour laws.

3.      CLC acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Ward and other employees.  *See* 29 U.S.C. § 260.

4.      Ward's claims and the claims of any putative collective/class members are barred to the extent that Ward or any putative collective/class members seek to assert claims on behalf of other employees who are not similarly situated.

5.      Ward's claims and the claims of any putative collective/class members cannot and should not be maintained as a collective action because those claims fail to meet the requirements of 29 U.S.C. § 216(b) for collective certification.

6.      Ward's claims and the claims of any putative collective/class members cannot and should not be maintained on a class-action basis because those claims fail to meet the requirements of Fed. R. Civ. P. 23 for class certification, including, but not limited to, class ascertainability, numerosity, commonality, manageability, similarly, typicality, predominance, superiority, and adequacy of class representation.

7.      Ward's claims and those of potential opt-ins are barred as to all hours allegedly worked that CLC did not suffer or permit to be worked and/or of which CLC lacked actual or constructive knowledge.

11

8.      To the extent Ward, or any putative collective/class member, seeks to recover for periods falling outside the applicable statute of limitations, such claims are barred.

9.      CLC did not willfully violate the FLSA because any acts or omissions giving rise to this action were reasonable, undertaken in good faith, and were not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

10.      CLC did not knowingly or willfully commit any alleged violation of the VOWA.

11.      Ward's claims and the claims of any putative collective/class members are barred to the extent that Ward or any putative collective/class members submitted false and/or inaccurate time records or statements of hours worked.  In such situations, Ward's claims and the claims of any putative collective/class members are barred in whole or in part by the doctrines of estoppel and unclean hands.

12.      To the extent that Ward or any putative collective/class member received any overpayments during employment, any recovery in this matter is subject to an offset for those overpayments.

13.      To the extent that Plaintiffs failed to mitigate their alleged damages, their claims are barred.

CLC reserves the right to amend this Answer to add additional defenses as discovery may warrant.

WHEREFORE, CLC respectfully requests that this Court dismiss the Complaint with prejudice and enter judgment in favor of CLC, award CLC its costs and attorney's fees to the maximum extent allowed by law, and grant such other and further relief as this Court deems just and proper.

Date:  May 2, 2025                          Respectfully submitted,

                                            By Counsel

/s/Jaime B. Wisegarver
Franklin R. Cragle (VSB No. 78389)
Jaime B. Wisegarver (VSB No. 81095)
Kimberly D. Castleman (VBS No. 98131)
HIRSCHLER
2100 East Cary Street, 4th Floor [23223]
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone No.:        (804) 771-9500
Facsimile No.:        (804) 644-0957
E-mail:               fcragle@hirschlerlaw.com
                      jwisegarver@hirschlerlaw.com
                      kcastleman@hirschlerlaw.com


*Counsel for Callahan Learning Center LLC*

13

## CERTIFICATE OF SERVICE

I certify that on May 2, 2025, I caused a copy of the foregoing pleading to be filed electronically with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record as follows:

Timothy Coffield
tc@coffieldlaw.com
COFFIELD PLC
106-F Melboune Park Circle
Charlottesville, Virginia 22901

*Counsel for Plaintiff*

/s/Jaime B. Wisegarver
Franklin R. Cragle (VSB No. 78389)
Jaime B. Wisegarver (VSB No. 81095)
Kimberly D. Castleman (VBS No. 98131)
HIRSCHLER
2100 East Cary Street, 4th Floor [23223]
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone No.:      (804) 771-9500
Facsimile No.:      (804) 644-0957
E-mail:              fcragle@hirschlerlaw.com
                     jwisegarver@hirschlerlaw.com
                     kcastleman@hirschlerlaw.com

*Counsel for Callahan Learning Center LLC*

18507566.3  050380.00002

14